IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KENDRICK A. ROBINSON, SR.**  **PLAINTIFF**
**ADC #550962**

V.   NO. 4:22-cv-00350-JM-BD

**DOES,** *et al.*   **DEFENDANTS**

## ORDER

The Court has received a Recommendation from Magistrate Judge Beth Deere. The Court has carefully reviewed the Recommendation, Defendants' timely objections, and the record de novo.

In their objections, Defendants contend that Plaintiff failed to exhaust his administrative remedies because he did not appeal his February 26, 2021 grievance. Plaintiff was released from the custody of PCRDF on March 24, 2001, prior to the time Defendants responded to the grievance. While there does not appear to be a consensus on the matter, some circuits have held administrative remedies are unavailable if a prisoner has transferred from the facility where the violations occurred and is no longer able to use that grievance procedure. *Rodriguez v. Westchester Cnty. Jail Corr. Dep't*, 372 F.3d 485, 487-88 (2d Cir. 2004); *White v. Bukowski*, 800 F.3d 392, 397 (7th Cir. 2015). Although the Eighth Circuit has not ruled on the issue, several district courts in this circuit have reached the same conclusion. *See, e.g., McCoy v. Johnson*, No. 4:22-cv-00222-BSM-PSH, 2022 WL 17834394, at *3 (E.D. Ark. Nov. 15, 2022), rec. adopted, 2022 WL 17833123 (E.D. Ark. Dec. 21, 2022) (administrative remedies were "unavailable" and

"incapable of use" when a detainee was transferred out of the jail before he could complete the grievance process); *Knight v. Dutcher*, No. 4:05-CV-3288, 2007 WL 2407034, at *12 (D. Neb. Aug. 20, 2007) (rejecting lack of exhaustion defense when there was no evidence a prisoner could have filed a grievance after he was transferred to another facility); *but see Cormier v. Jones*, No. 4:20-CV-00487-KGB-PSH, 2021 WL 4165113 (E.D. Ark. Mar. 23, 2021), rec. adopted, 2021 WL 4150286 (E.D. Ark. Sept. 13, 2021) (administrative remedies were available because the plaintiff had time to complete the grievance process before his transfer and the ADC's exhaustion policy specifically allowed prisoners to proceed with the grievance procedure after being transferred to a different ADC unit). The Court finds that administrative remedies as to his February 26th grievance were unavailable to Plaintiff after he was released from PCRDF's custody. The Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings in all respects.

    Defendants' motion for summary judgment (*Doc. 28*) is DENIED. Mr. Robinson may proceed with his deliberate-indifference claims against Defendants.

    IT IS SO ORDERED, this 16th day of November, 2023.

_____
UNITED STATES DISTRICT JUDGE